G. L. M. WHITE, Admr., et al., *v.* M. GILBERT, use of JOHN S. YARBOROUGH.

1. PROBATE COURT : JURISDICTION TO COMPEL ADMINISTRATOR TO MAKE A DEED WHERE TITLE-BOND HAS BEEN MADE BY INTESTATE : CASE IN JUDGMENT.—The Probate Court, in the exercise of the powers vested in it by Art. 137, p. 458, of the Revised Code, to compel the administrator of a vendor who has executed a title-bond to make a deed to the vendee upon proof that the purchase-money had been paid, will not order such a deed

to be made where it appears that the intestate had made a valid sale of the land to another prior to the execution of the title-bond, and of which the vendee in the title-bond had notice when he purchased.

APPEAL from the Probate Court of Leake county. Hon. James A. Campbell, judge.

*Huie* and *Reed,* for appellants.

*Joseph D. Eads,* for appellee.

HARRIS, J., delivered the opinion of the court:

Appellee filed his petition in the Probate Court of Leake county, under the statute, praying that the administrator of Wilie White should be compelled to execute a deed of conveyance of certain lands sold by said decedent in his lifetime by title-bond to the said Gilbert, and tendering the purchase-money due, &c.

Some immaterial questions are raised by the pleadings and assigned for error here, which we deem it unnecessary to notice.

The main question for decision is the propriety of the order of the court below, decreeing the conveyance according to the prayer of the petitioner.

The proof in the record shows that in February, 1856, the appellants' intestate, Wilie White, sold the land in question to one Johnson, who paid him the purchase-money therefor, and held possession under a bond for title of that date. That, in October, 1856, the said Johnson sold the same land to G. L. M. F. White, the appellant, and executed to him a deed of conveyance therefor. On the 18th January, 1859, the said Wilie White sold the same land by title-bond of that date to the said Gilbert, the appellee, who gave his two promissory notes therefor, amounting to the sum of two hundred and forty dollars. On the 27th day of October, 1859, the said Gilbert assigned the said title-bond last named to one Yarborough, for whose use this petition is filed. The Probate Court ordered the administrator (G. L. M. F. White) to execute a conveyance as administrator to the said Yarborough for the said land, in accordance with the terms of this last title-bond.

This was clearly error.    The proof in the record shows clearly that this junior purchaser must have been fully aware of the first sale; and it further shows that instead of the appellee having a right to the conveyance of the land, that another party under the first purchase was entitled to the conveyance.

The court should therefore have dismissed the petition under the provisions of the Code.    Art. 137, p. 458.

This court, proceeding to render the judgment which should have been rendered in the court below, after reversing the decree therein, which is hereby ordered, further orders that the said petition be dismissed at the cost of the appellees.